**PEI JIAN GAO, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

**No. 08–1326–ag.**

United States Court of Appeals, Second Circuit.

July 17, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Richard M. Evans, Assistant Director; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Pei Jian Gao, a native and citizen of the People's Republic of China, seeks review of an February 26, 2008 order of the BIA denying his motion to reopen. *In re Pei Jian Gao,* No. A95 850 642 (B.I.A. Feb. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Gao's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Gao argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evi-

Attorney General Michael B. Mukasey as respondent in this case.

dence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, we decline to take judicial notice of the 2005 State Department Report on Human Rights Practices in China, which was not submitted in support of Gao's motion. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007).

Similarly, the BIA's determination that Gao was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).